UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                                    6:13-mj-1140-ORL-TBS

RYAN NICKLAUS GOULD
_____

ORDER

This case comes before the Court on Defendant Ryan Nicklaus Gould's motion to dismiss. (Doc. 14). The issue before the Court is what remedy, if any, is available when the Government takes longer that the 45 days allowed in 18 U.S.C. § 4247(b) to complete the mental competency evaluation of a defendant who is in custody.[1]

Defendant is charged by criminal complaint with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(4). (Doc. 1). He has been in custody since his arrest. At his initial appearance the Government made an ore tenus motion to determine Defendant's competency to proceed and Defendant's lawyer concurred in the request. (Doc. 5). The Court granted the motion and, pursuant to 18 U.S.C. §§ 4241[2] and

---

[1] Title 18 U.S.C. § 4247(b) states that if a competency evaluation is ordered pursuant to § 4241, a person may be committed for purposes of examination, for a reasonable time not to exceed 30 days and that the Court may grant a reasonable extension not to exceed 15 days.

[2] Title 18, United States Code, § 4241(a) provides:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or

4247(b), committed Defendant to the custody of the Attorney General for a period not to exceed 30 days, for examination at a suitable facility. (Id.) The Government subsequently requested and was granted a 15 day extension to complete the evaluation. (Docs. 8, 9). Then, the Warden of the federal detention center where the examination was being performed wrote the Court, stating that additional time was needed. (Doc. 10). The Court treated the letter as a motion which it denied without prejudice. (Id.)

Defendant argues that his detention for longer than the 45 days permitted by 18 U.S.C. § 4247(b) violated the Due Process Clause and warrants dismissal of the charge against him. (Doc. 14). He does not claim a violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) but advised that he may make this argument in the future.

The Eleventh Circuit has not ruled on this issue. Those circuit courts which have considered the question have denied all requests for dismissal. United States v. Fuller, 86 F.3d 105 (7th Cir. 1996); United States v. Murphy, 241 F.3d 447 (6th Cir. 2001); United States v. Taylor, 353 F.3d 868 (10th Cir. 2003); United States v. Neal, 679 F.3d 737 (8th Cir. 2012). In Fuller, the Court said habeas corpus is the "traditional remedy for illegal detention in a mental institution." Fuller, 86 F.3d at 106. The Fuller court also said that "if the violation of the commitment statute made it more difficult for [the defendant] to defend himself at trial, he could seek to have his conviction overturned on the ground that the violation constituted a prejudicial error." Id. at 107.

---

shall order such a hearing on its own motion, if there is reasonable
cause to believe that the defendant may presently be suffering from
a mental disease or defect rendering him mentally incompetent to the
extent that he is unable to understand the nature and consequences
of the proceedings against him or to assist properly in his defense.

For Defendant to obtain dismissal based upon the delay in completing his mental competency examination, he must first show that the "delay caused him actual substantial prejudice and that the delay was the product of a deliberate act by the government designed to gain a tactical advantage." United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996).  Defendant does not allege that the Government's delay in completing his mental competency examination was intentional or that it has resulted in any actual prejudice to his defense.  Accordingly, the Court finds that Defendant is not entitled to dismissal on due process grounds and his motion to dismiss is DENIED.

IT IS SO ORDERED.

DONE and ORDERED in Orlando, Florida on June 18, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to Counsel of Record